UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICO PAGAN,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTEN PFEIFFER,<br><br>    Respondent. | No. 2:18-cv-0240 MCE KJN P<br><br>ORDER |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2014 conviction on four counts of armed robbery with a firearm enhancement. In his original petition, petitioner claimed there was insufficient evidence to support the conviction on the 7-Eleven robbery (count 8). The court issued a scheduling order requiring respondent to file a response. However, on March 23, 2018, petitioner filed an amended petition as of right. Fed. R. Civ. P. 15. On April 10, 2018, respondent filed a motion to vacate the scheduling order. Good cause appearing, respondent's motion to vacate the scheduling order is granted, and respondent is relieved of the obligation to respond to the original petition.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

In the amended petition, petitioner includes his challenge to the sufficiency of the evidence to support count 8, but now states that his "claim is based on new law 2018, felony rule revision of aider & abetter -- California Criminal Code SCR 48 [sic] and People v. Banks, 61 Cal.4th 788." (ECF No. 17 at 5.) Specifically, petitioner claims that the trial court abused its

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

discretion in regards to counts six, seven, and eight, because there was insufficient evidence of intent to support the aiding and abetting charges. (ECF No. 17-1 at 3.) Petitioner argues that his conviction violates the Eighth Amendment proportionality rules, and is not supported by sufficient evidence, in violation of the Fourteenth Amendment and the California Constitution. (ECF No. 17-1 at 4-5.) Petitioner does not confirm that he sought review in the California Supreme Court, but concedes that he and his attorney did not appeal his new claim based on People v. Banks. (ECF No. 17 at 5.)

The California Supreme Court website reflects petitioner filed petitions for review which were denied on October 26, 2016, in case no. S236708.[2] No other petitions have been filed. Id.

Thus, it appears that petitioner has failed to exhaust state court remedies as to petitioner's Eighth Amendment claims, as well as his claims that there was insufficient evidence to support counts six and seven. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims. Absent the grant of a stay, the amended petition must be dismissed.

Therefore, petitioner must decide whether to proceed on his exhausted claim, or he must file a motion for stay that identifies the type of stay he seeks. Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition).

First, under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278. The Supreme Court has made clear

---

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

that this option "should be available only in limited circumstances." Id. at 277.  Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court.  Id. at 277-78.

"Good cause" under Rhines is not clearly defined.  The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277.  The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand).  This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition.  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal.  Wooten, 540 F.3d at 1024.  The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.  In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Second, the court may also stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion.  King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at

4

1063).  If petitioner wishes to use the Kelly stay, he must file a second amended petition raising only his exhausted claim.  However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41.  If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition.

Therefore, if petitioner seeks to file a motion for stay under Rhines, he must file a motion for stay and address all three of the Rhines elements set forth above.  If petitioner seeks to stay this action under Kelly, petitioner is warned that the Kelly approach is riskier for petitioners in that the timeliness of the new claims will depend on whether they "relate back" to the original, timely filed claims.  King, 564 F.3d at 1142, citing Mayle v. Felix, 545 U.S. 644 (2005).  If petitioner chooses the Kelly stay, he must also file a second amended petition raising only his exhausted claim.

Good cause appearing, petitioner will be granted thirty days to file a motion for stay, or to file a second amended petition raising only his exhausted claim.  By this order, the undersigned makes no ruling as to whether or not a motion for stay would be granted.[3]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's motion to vacate (ECF No. 18) is granted;

2. The scheduling order (ECF No. 12) is vacated;

---

[3] Petitioner should not delay exhaustion of any claims in state court.  A one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition.  See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis). Moreover, if petitioner exhausts any claim during the pendency of this action, petitioner may seek leave to amend his petition at that time to include such newly-exhausted claims.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition).  By this order, the undersigned makes no ruling as to whether any of petitioner's claims are timely under 28 U.S.C. § 2244(d)(1).

3. Within thirty days from the date of this order, petitioner shall choose one of the following options:

    a. File a motion for stay under <u>Rhines</u>; or

    b. File a motion for stay under <u>Kelly</u>, accompanied by a proposed second amended petition raising only his exhausted claim; or

    c. File a second amended petition raising only his exhausted claim.

Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated: May 1, 2018

*[signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/paga0240.103m

6