UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICO PAGAN,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTEN PFEIFFER,<br><br>    Respondent. | No. 2:18-cv-0240 MCE KJN P<br><br>ORDER TO SHOW CAUSE |

Petitioner is a state prisoner, proceeding pro se. On July 16, 2018, petitioner was granted an extension of time in which to comply with the court's May 1, 2018 order. Thirty days have now passed, and petitioner has not filed a second amended petition or a motion for stay. However, review of the record reveals petitioner has had difficulty receiving his legal mail, as well as gaining access to the law library. In addition, the original petition raises only petitioner's exhausted claim for relief. Therefore, petitioner shall show cause, within thirty days, why the undersigned should not strike petitioner's amended petition (ECF No. 17) as a mixed petition containing both exhausted and unexhausted claims, and direct respondent to respond to petitioner's original petition.[1] Failure to respond to this order will result in the court issuing an

---

[1] This order does not preclude petitioner from returning to state court and exhausting his new claims. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (If a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition.)

1

order striking petitioner's amended petition, and this action proceeding on petitioner's original petition.

Accordingly, IT IS HEREBY ORDERED that within thirty days, petitioner shall show cause why the undersigned should not strike petitioner's amended petition as a mixed petition, and direct respondent to respond to petitioner's original petition.

Dated: August 30, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/paga0240.osc

---

As petitioner has been advised, a one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis).

2